**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN T. HOBBS,

    Plaintiff,

vs.                                          Case No. 3:06-cv-62-J-32MMH

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

**ORDER ON PLAINTIFF'S UNOPPOSED PETITION FOR ATTORNEY'S FEES**[1]

This case is before the Court on Plaintiff's Unopposed Petition for Attorney's Fees (Doc. 15).

Based upon the petition and supporting itemization and the Court's independent review, the Court makes the following legal and factual findings:

(1)    Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(2)     The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

(3)     The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $157.00.

(4)     Plaintiff seeks an award based on 7.80 hours of attorney time.  Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable except for the 2/13/06 entry of 0.3 hours spent "review[ing the] Order approving consent to jurisdiction by U.S. Magistrate Judge, [and] review[ing the] Answer," because no such Order was ever entered in this case and the Commissioner did not answer until April.  Making this deduction from the 7.80 hours plaintiff claims, the Court finds that 7.50 hours of attorney's time is reasonable in this case.

(5)     The Court finds that $1,177.50 ($157.00 x 7.50 hours) is a reasonable fee in this case.

(6)     Plaintiff additionally seeks costs in the amount of $268.00 for the Clerk's filing fee and service of process fees. However, plaintiff proceeded *in forma pauperis* (Doc. 4) and therefore did not incur these costs.  The Court therefore declines to award any costs.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Petition for Attorney's Fees (Doc. 15) is **GRANTED** to the extent that the Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $1,177.50 in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies to:

L. Jack Gibney, Esq.
Susan R. Waldron, Esq. (AUSA-Tampa)